UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
STEPHEN ZNACZKO

                Plaintiff,

               v.

JONES LANG LASALLE AMERICAS, INC.; and,
DAVID PAUL *individually*.

                Defendants.

Civil Docket #:

**COMPLAINT**

PLAINTIFF DEMANDS A TRIAL BY JURY

-------------------------------------------------------------------X

Plaintiff, STEPHEN ZNACZKO, as for his Complaint against JONES LANG LASALLE AMERICAS, INC. and DAVID PAUL (*individually*) respectfully alleges upon information and belief as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42U.S.C.§ 12101 *et.seq.* ("ADA"), and to remedy violations of the New Jersey Law Against Discrimination ("NJLAD"), and seeks damages to redress injuries the Plaintiff has suffered as a result of the being discriminated against by his employer on the basis of his disability, that Defendants failed to provide Plaintiff a reasonable accommodation related to his disability as required by the Act and for retaliating against Plaintiff by unlawfully terminating Plaintiff for his requests for a reasonable accommodation.

1

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 *et. Seq.*; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a question of federal law under the Americans with Disabilities Act of 1990, 42U.S.C.§ 12101 *et.seq.* ("ADA"). The court has supplemental jurisdiction over the state claims provided under the NJLAD.

4. Venue is proper in this district based upon Defendants' principal place of business within the County of Mercer, State of New Jersey, within the District of New Jersey. Additionally, Plaintiff was employed by Defendants within the District of New Jersey and the discriminatory actions took place within the District of New Jersey.

5. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

6. Plaintiff filed charges with the EEOC (dual filed with the New Jersey Division of Civil Rights) on or about December 13, 2016.

7. Plaintiff received a Right to Sue Letter from the EEOC on or about May 18, 2016.

8. Plaintiff now commences this action within ninety (90) days of receipt of the right to sue notice.

## PARTIES

9. That Plaintiff STEPHEN ZNACZKO (hereinafter also referred to as Plaintiff or "SNACZKO") is an individual Caucasian male who suffers from a disability.

10. Defendant JONES LANG LASALLE AMERICAS, INC., (hereinafter referred to as "JLLA" or Defendant), is a foreign business corporation duly existing under the laws of the State of Illinois and authorized to do business in the State of New Jersey.

11. Defendant JLLA operates is headquarters at 200 E Randolph, Chicago, Illinois 60607.

12. Defendant JLLA employs Plaintiff at a Bristol Meyers Squibb facility located at 3551 Lawrenceville, Princeton Road, Lawrence Township, NJ 08648.

13. At all times material, Defendant DAVID PAUL (hereinafter referred to as Defendant or "PAUL" was and is an employee for Defendant JLLA.

14. At all times material, Defendant was employed as a Hard Services Manager for Defendants.

15. At all times material, Defendant PAUL held supervisory authority over Plaintiff.

## MATERIAL FACTS

16. In or around January 2016, Plaintiff began working as a systems technician with Defendant.

17. During Plaintiff's employment, Plaintiff's work schedule varied shifts, but always worked seven (7) days.

18. During Plaintiff's employment, he was at all times capable and competent to complete the essential functions of his position with Defendants JLLA.

19. Plaintiff consistently responded to calls in a timely and orderly manner during his work shift. In fact, Plaintiff never took more than twenty minutes to respond to a call, especially when urgent.

20. In 2015, Plaintiff was diagnosed with laberintitis, which according to the Mayo Clinic, is "inflammation of the inner ear or the nerves that connect the inner ear to the brain." Consequently, Plaintiff suffers substantial hearing loss in his right ear, especially when surrounded by loud and pulsing vibrations.

21. Plaintiff's disability has a substantial effect on his major life function of hearing and communicating with others.

22. Defendants were at all times aware of the fact that Plaintiff suffered from this hearing disability.

23. Plaintiff had a two-way radio, much like a walkie-talkie, where he received calls when there was an emergency that required him to respond immediately.

24. Due to Plaintiff's disability, he requested that Defendants provide him with an accommodation to be alerted in an alternate method, suggesting a text on his Engineer one cellular phone.

25. Plaintiff made this request because there was often a substantial amount of noise where he was located and he could not always hear the two-way radio that alerted him due to his hearing loss.

26. Each and every time Plaintiff made this request to Defendant PAUL, PAUL told Plaintiff that they would set up a meeting to accommodate sending texts to Plaintiff's engineer cellular phone in addition to the two-way radio alerts.

27. At all times, Defendant PAUL failed to provide Plaintiff with the accommodation despite Plaintiff's repeated requests.

28. At all times, Defendants failed to engage in the interactive process with Plaintiff regarding his request for accommodation.

29. At all times, Defendants failed to accommodate Plaintiff by offering an alternative to the two-way radio alerts.

30. On or around August 8, 2019, at approximately 8AM, Plaintiff received a call from the Operation Control Center (hereinafter referred to as "O.C.C.") that there was a high temperature alarm in the ECG box.

31. The ECG Box alarm had gone offline at approximately 6AM on August 7, 2019, due to a rupture in the vibration eliminator on the compressor.

32. As a result of the rupture, the freon was gone from the box which, consequently, set off the high temperature alarm.

33. When Plaintiff called the O.C.C. office, he was informed that a work order had issued to Plaintiff at approximately 1:30PM on August 7, 2019.

34. However, the work order was not in Plaintiff's cue at the end of his shift, on August 7, 2019, and was not in his cue on the morning of August 8, 2019.

35. Defendants then realized that the work order had been sent to the wrong cue, and Plaintiff did not have access to the cue where it was sent.

36. Plaintiff received his work order requests on a cue account named "ZNACZKOS."

37. Defendants erroneously set up an account named "ZNACKOS" when Plaintiff first started his employment, then changed it to the correct "ZNACZKOS."

38. Plaintiff did not have access to the original "ZNACKOS" account and that is where the work order was erroneously sent.

39. When Plaintiff explained the issue to Defendants, Defendants replied that Plaintiff should have received a call over the two-way radio about the alarm.

40. Plaintiff then explained that due to his hearing disability, he cannot always hear the radio, particularly if he is in a loud area and that is why he had repeatedly requested accommodations.

41. The day that Defendants allege that Plaintiff received the call on the two-way radio he was working with a contractor painting supply fans on ahu L2, which is a highly noisy area. As a result, Plaintiff, was wearing hearing protection, which further diminished his ability to hear.

42. In fact, Plaintiff never received the call because he was unable to hear it due to his wearing hearing protection and as a result of his disability.

43. Defendants unlawfully terminated Plaintiff because of his disability and in retaliation for Plaintiff's ongoing requests for accommodation related to his disability on or around August 15, 2019.

44. Defendants terminated Plaintiff because he was unable to hear the radio dispatch, despite Defendants full knowledge of Plaintiff's disability.

45. Defendants terminated Plaintiff because of Defendants own utter failure to engage in the interactive process when Plaintiff requested reasonable accommodations.

46. Defendants at all times refused to engage in the interactive process with Plaintiff with respect to his request for accommodations related to his hearing disability.

47. Defendants retaliated against Plaintiff by terminating his employment after Plaintiff explained that he did not get the cue, because Defendants themselves sent it to the wrong account, and also when Plaintiff again told Defendants that he had requested a reasonable accommodation related to his disability on numerous occasions.

48. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

49. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected the Plaintiff.

50. Defendants have established a pattern and practice of discrimination in their workplace.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (Not Against Individual Defendants)

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. Plaintiff claims Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

53. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

54. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability.

55. Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION
## UNDER THE AMERICANS WITH DISABILITIES ACT
## (Not Against Individual Defendants)

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

58. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION
## (Not Against Individual Defendants)

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: " It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race . . , pregnancy, sex, disability . . to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment

such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

61. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

62. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New Jersey's Law against Discrimination.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION
## (Against All Defendants)

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

65. Defendants violated this section as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION
## FOR AIDING AND ABETTING
## (Against All Defendants)

66. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination.  It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

68. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

69. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

70. As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
         July 21, 2021

By: _____
     Samuel C. Wilson, Esq.
     DEREK SMITH LAW GROUP, PLLC

*Attorneys for Plaintiff*
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790